IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENISE WEBB, on behalf of minors and state wards Stephany R. Butler and Derrick L.S. Bradley/Butler, | CASE NO. 4:10CV3257 |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| STATE OF NEBRASKA, LINDA PORTER, LINCOLN PUBLIC SCHOOLS, LINCOLN POLICE DEPT., and STATE FOSTER BOARD, | |
| Defendants. | |

Plaintiff filed her Complaint on December 29, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

*I. SUMMARY OF COMPLAINT*

Plaintiff filed her Complaint on December 29, 2010, against the State of Nebraska, Lincoln Public Schools, the Lincoln Police Department, the State Foster Board and Judge Linda Porter. (Filing No. 1 at CM/ECF p. 1.) Condensed, summarized, and liberally construed, Plaintiff alleges the State of Nebraska removed her daughter and her grandson from Plaintiff's residence on September 27, 2007, and took them to a foster home. (Filing No. 1-1, Attach. 1 at CM/ECF pp. 1, 6, 8, 11.) At first, Plaintiff was permitted to visit the children. (*Id*. at CM/ECF pp. 11-12.) However, Plaintiff's health problems caused her to miss a court appearance and her visits were stopped. (*Id*. at CM/ECF p. 13.) Since September 27, 2007, Plaintiff has only been permitted to see her daughter and grandson

twice. (*Id*. at CM/ECF p. 11; Filing No. 1 at CM/ECF p. 3.) Plaintiff asks the court to return her daughter and grandson to her home and seeks monetary damages in the amount of "7 million per person." (Filing No. 1-1, Attach. 1 at CM/ECF p. 15; Filing No. 1 at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's claims are brought pursuant to the Fourteenth Amendment. The Fourteenth Amendment protects a parent's liberty interest in the "care, custody, and management of their children." *Manzano v. S.D. Dep't of Soc. Servs.*, 60 F.3d 505, 509-10 (8th Cir. 1995). However, to promote comity between state and federal judicial bodies, federal courts have developed a strong policy against exercising jurisdiction over these matters when state court proceedings have already commenced. *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)).

Plaintiff's Complaint indicates that she is involved in state court proceedings regarding the care, custody and management of her daughter and her grandson. (Filing No. 1-1, Attach. 1 at CM/ECF pp. 1-2, 6, 8-9, 11-13.) Plaintiff has not alleged, nor demonstrated, that these proceedings do not provide her with the opportunity to raise her Fourteenth Amendment claims.[1] Accordingly, the court will abstain from exercising

---

[1] To the extent that Plaintiff asks this court to review and reverse a state court order, this Court lacks subject matter jurisdiction. The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In fact, federal district courts do not have jurisdiction "over challenges to

3

jurisdiction over Plaintiff's claims. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice; and

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 2nd day of February, 2011.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court" (citation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter final judgments of a state court judicial proceeding.

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.